# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY G. TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-0899-RHH |
| | ) |
| SHERIE KORNEMAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Bradley G. Turner ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The State has filed a response. (ECF No. 13.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 15.) For the following reasons, the petition will be denied.

**I.   Factual Background**

The facts that form the basis for Petitioner's convictions are set forth in the Missouri Court of Appeals' opinion denying Petitioner's direct appeal. As the appellate court summarized:

> Throughout the trial, the question of whether Defendant killed [Victim] was undisputed; Defendant admitted to killing Victim on November 19, 2014. However, Defendant's defense was based on his assertion that the murder was justified, as it was an act of self-defense. An autopsy of Victim showed five stab wounds, including a 3-inch wound which penetrated his left lung, a 3-inch wound to his abdomen which penetrated the liver, a 4-inch wound to Victim's lower back which penetrated his kidney, and a 3-inch stab wound to the center of his chest, which penetrated his heart and eventually caused his death.

Resp't Ex. E at 2-3. Petitioner was convicted by a jury in St. Francois County of the class B felony of voluntary manslaughter (Count I), and the unclassified felony of armed criminal action (Count

II).[1]     Petitioner was sentenced to consecutive terms of imprisonment in the Missouri Department of Corrections for fifteen years on Count I and twenty years on Count II, for a total of thirty-five years' imprisonment. After his conviction, Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, Eastern District. On October 10, 2017, the Court of Appeals issued its *per curiam* order and memorandum affirming the conviction. *State v. Turner*, 529 S.W.3d 931 (Mo. App. E.D. 2017). On November 3, 2017, the Court of Appeals issued its mandate.

On January 22, 2018, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Resp't Ex. G, at 9-15.[2] On April 30, 2018, acting through counsel, Petitioner filed an amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *Id.* at 17-31. In the amended motion, Petitioner asserted two claims of ineffective assistance of counsel: 1) trial counsel was ineffective for submitting instructions on voluntary manslaughter and involuntary manslaughter as lesser included offenses of murder in the first degree and murder in the second degree against Petitioner's wishes, and 2) trial counsel was ineffective for failing to call Petitioner's mother, Marsha Barton, as a witness. On November 27, 2018, the motion court held an evidentiary hearing. The following witnesses testified: Petitioner, Petitioner's trial counsel Ryan Martin and Sarah Jackson, Petitioner's mother Marsha Barton, and trial prosecutor Benjamin Campbell. Resp't Ex. F. After the hearing, the motion court entered an order denying both claims on the merits. Resp't Ex. G, at 32-35.

On appeal from the denial of his motion for post-conviction relief, Petitioner raised the two ineffective assistance claims raised in the motion court. Resp't Ex. H. On November 26, 2019, the

---

[1] Petitioner's trial began on May 10, 2016, and a verdict was reached on May 12, 2016. Resp't Ex. A.

[2] Respondent's Exhibit G contains multiple sets of page numbers. Because no other set of page numbers runs throughout the entire document, the Court cites to the page numbers in the electronically filed document.

2

Missouri Court of Appeals found the claim to be without merit and affirmed the judgment of the motion court. *Turner v. State*, 590 S.W.3d 403 (Mo. App. E.D. 2019).

In the instant *pro se* petition, Petitioner brings two claims of ineffective assistance of trial counsel: 1) trial counsel was ineffective for submitting instructions on voluntary manslaughter and involuntary manslaughter as lesser included offenses of murder in the first degree and murder in the second degree, and 2) trial counsel was ineffective for failing to call Petitioner's mother as a witness. (ECF No. 1.)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007)

3

(quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

**III.  DISCUSSION**

Petitioner raises two claims. Each claim was raised in his amended motion for post-conviction relief and on appeal from the denial of his post-conviction motion. Therefore, Petitioner exhausted his claims in state court and they are ripe for resolution here.

**A.  Ground One**

In Ground One, Petitioner contends that he was denied effective assistance of counsel because his counsel submitted jury instructions for voluntary manslaughter. Specifically, trial counsel submitted instructions for voluntary manslaughter and involuntary manslaughter as a lesser-included offense to the homicide charge against Petitioner's wishes and inconsistent with

4

his self-defense theory. Petitioner argues that trial counsel admitted that the only theory of defense at trial was self-defense, and the facts of the case clearly supported the self-defense theory and negated the elements of first and second degree murder as Petitioner was acquitted on those charges. Petitioner further argues that trial counsel's reasoning for the submission—that the jury would probably want to convict him of "something"—was based on an unreasonable presumption that the jury would not be impartial.

The Missouri Court of Appeals denied Petitioner relief on this claim. Resp't Ex. J. The Court explained that Petitioner's counsel presented the theory of self-defense, which was consistent with Petitioner's wishes.

> Counsel testified at the evidentiary hearing that his theory from the "very beginning" was self-defense and he "was arguing for self-defense all day long." The jury did not know Movant submitted the instruction on the lesser-included offense. Movant testified at trial he informed counsel he wanted an "all or nothing" defense and did not want counsel to submit voluntary manslaughter to the jury. However, Movant's counsel testified at the evidentiary hearing that while he did not specifically recall discussing the decision to submit the voluntary manslaughter instruction with Movant, it was something he would "typically talk to a client about." Counsel also testified that he did not recall Movant asking him not to submit any lesser-included offenses and pursue an "all or nothing" defense but if Movant had told him that, counsel would not have submitted the instruction. Moreover, the prosecuting attorney testified he would have submitted the instruction had counsel for Movant not done so. The motion court is responsible for determining the credibility of the witnesses at an evidentiary hearing, and we defer to such determination.

Resp't Ex. J at 4-5.

The Court must review Petitioner's ineffective assistance of counsel claim under a "doubly deferential" standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, a petitioner must overcome the high bar of *Strickland v. Washington* by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." 466 U.S. at 694 (1984). "It is not

5

sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Second, under 28 U.S.C. § 2254, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was "unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."). Both the *Strickland* standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [the petitioner] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).

Here, the motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. The decision of whether to seek a lesser-included offense instruction is generally a strategic decision requiring even experienced counsel to make difficult judgment calls. *See, e.g.*, *Driscoll v. Delo*, 71 F.3d 701, 715 (8th Cir. 1995); *Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *Riley v. Lockhart*, 726 F.2d 421, 423 (8th Cir. 1984). Petitioner has not overcome the presumptions regarding his counsel's performance, or shown that the appellate court's analysis was an unreasonable application of *Strickland.* Trial counsel's decision regarding submission of lesser-included offenses was a reasonable judgment

6

call, and he testified that if Petitioner had asked him not to submit the lesser-included offenses, he would not have submitted the instruction. Resp't Ex. F at 24-25.

Additionally, even assuming the appellate court's performance-prong finding was an unreasonable application of *Strickland,* Petitioner has not and cannot show that the same is true of the appellate court's lack-of-prejudice finding. At the evidentiary hearing before the motion court, the State called the prosecutor who tried Petitioner's case as a witness. The prosecutor testified that if Petitioner's counsel had not submitted the voluntary manslaughter instruction to be given to the jury, then in light of the evidence presented at trial, the prosecutor would have requested the instruction. Resp't Ex. F at 52-53. The Court of Appeals explained that Petitioner was not entitled to relief because he could not show the outcome would have been different absent counsel's decision to submit the lesser-included offense to the jury. Resp't Ex. J at 5. The undersigned agrees. If Petitioner's counsel declined to submit the instruction, the prosecutor would have submitted the instruction, and the jury would still have the instruction to consider. The jury ultimately found Petitioner guilty of the lesser-included offense, and Petitioner has not made a challenge as to the sufficiency of the evidence to support voluntary manslaughter. Ground One will be denied.

    **B.    Ground Two**

In Ground Two, Petitioner argues that his trial counsel was ineffective based on counsel's failure to call his mother, Marsha Barton, as a witness at trial. Petitioner argues that Mrs. Barton was the last person to see Mr. Graham and Mr. Turner on the night in question, she was there at trial and supposed to testify, but trial counsel would not call her to the stand "for some unknown reason."

Petitioner's arguments were reviewed by the motion court and the appellate court. When Petitioner raised this claim in his Rule 29.15 motion, the motion court held as follows:

> This Court heard the substance of Barton's testimony. As Movant tacitly acknowledged in his Amended Motion, Martin was aware of Barton's existence as a witness and brought her to the trial but thereafter did no [sic] call her. Amended Motion at 8. Moreover, Barton would be called to bolster Movant's testimony regarding the events of the night. As such she would not provide a viable defense based on her testimony. Unless Barton could provide a viable defense, the failure to call her as a witness does now [sic] amount to ineffective assistance of counsel. Cusumano v. State, 495 S.W.3d 231, 236 (Mo. App. E.D. 2016), citing Tucker v. State, 468 S.W.3d 468, 474 (Mo. App. E.D. 2010). This claim must be denied.

Resp't Ex. G at 34. Petitioner appealed the motion court's decision and the Missouri Court of Appeals affirmed that denial. Resp't Ex. J.  In reviewing the claim on appeal, Missouri Court of Appeals properly recognized that *Strickland* provided the governing law and upheld the motion court's denial. *Id.* at 6-7. The Missouri Court of Appeals explained:

> At the evidentiary hearing, Barton stated, in relevant part, she would have testified at trial she saw Movant and Bobby Graham ("Graham") leave Graham's girlfriend's house together that evening, and before they left she saw Graham put a knife in his sock. She also would have testified she later saw the victim and Movant at the cemetery where Movant's younger brother was buried. This testimony was consistent with Movant's testimony at trial.
> Counsel testified at the evidentiary hearing that he knew of Barton and she was available to testify at trial; however, he chose not to call her at trial. He believed he was "losing the jury a little bit" on the issue of Movant and Graham's visit to the cemetery, and counsel thought it was a "tangential issue" to Movant's defense. Counsel testified he thought it would hinder the self-defense theory to take the jury on the tangent of Barton's additional testimony regarding seeing Movant and Graham at the cemetery.
> The failure to present cumulative evidence does not constitute ineffective assistance of counsel. *McLaughlin,* 378 S.W.3d at 343. Movant testified to similar facts as those recited by Barton [sic] in her testimony at the evidentiary hearing. In light of Movant's trial testimony, counsel's decision not to call Barton to testify to the same or similar circumstances at the cemetery the night of Graham's death was not unreasonable and did not constitute ineffective assistance of counsel. Therefore, the motion court did not clearly err in denying Movant's request for post-conviction relief.

*Id.* at 5-6.

Petitioner does not allege this decision was contrary to or involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts. He

8

does not point to any conflicting federal law or any error of fact; he merely reargues the facts that were raised before the state court. The Court finds that the Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*, nor was it based on an unreasonable determination of the facts. Defense counsel presented the testimony of six other witnesses at trial. *See* Resp't Ex. A. "The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim." *Covington v. State*, 569 S.W.3d 469, 475 (Mo. Ct. App. 2018) (citation omitted). "'Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight.'" *Forrest v. Steele*, 764 F.3d 848, 858 (8th Cir. 2014) (quoting *Hanes v. Dormire,* 240 F.3d 694, 698 (8th Cir. 2001) (internal quotation omitted)). Counsel's witness selection does not rise to the level of ineffective assistance. *See English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993) (finding that counsel's failure to call two witness was a reasonable trial strategy). Additionally, it does not appear that Petitioner suffered any prejudice. Petitioner does not identify additional testimony from Barton that would have changed the outcome of the case, and the record reflects that Barton's testimony would have been cumulative of evidence presented at trial. Taking a highly deferential look at counsel's performance as required by *Strickland* through the likewise deferential lens of § 2254(d), the Missouri Court of Appeals' decision is consistent with federal law. *See Cullen*, 563 U.S. at 190. Petitioner is not entitled to relief on Ground Two and it will be denied.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Because Petitioner has made no showing of a denial of a

constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

Dated this 20th day of March, 2023.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE